UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES LEE AUSTIN, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | No. 1:15-cv-01886-LJM-TAB |

### ORDER

Petitioner James Less Austin ("Petitioner") and the United States of America (the "Government") have moved for relief from the judgment in Petitioner's criminal matter, 1:07-cr-00017-LJM-DKL-1, pursuant to 28 U.S.C. § 2255, *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Price v. United States*, 795 F.3d 731, No. 15-2427, (7th Cir. Aug. 4, 2015), and the United States Court of Appeals for the Seventh Circuit's authorization for Petitioner to file a second or successive motion pursuant to 28 U.S.C. § 2255(h), *see United States v. Sykes*, 1:07-cr-00017-LJM-DKL-1, ECF Dkt. No. 3.

Petitioner was convicted following a guilty plea for possession of firearms under 18 U.S.C. § 922(g)(1). At the time of sentencing, Petitioner was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), to a term of 188 months to be followed by a five year term of supervised release; a Judgment and Conviction was entered to that effect on December 28, 2007. The three predicate felonies giving rise to Petitioner's status under the ACCA were: (1) a Residential Entry conviction incurred in Marion County, Indiana, on March 31, 2003; (2) a Resisting Law Enforcement conviction incurred in Marion County, Indiana, on May 7, 2004; and (3) a conviction for Dealing

Substance Represented to be a Controlled Substance incurred in Marion County, Indiana, on September 24, 2004.

On June 26, 2015, the United States Supreme Court held the residual clause of the ACCA unconstitutional expressly overruling *Sykes*.  *Johnson*, 135 S. Ct. at 2584. Subsequently, the Seventh Circuit held that *Johnson* announced a new substantive rule of constitutional law that the Supreme Court had categorically made retroactive.  *Price*, 795 F.3d 731.  On November 19, 2015, the Seventh Circuit notified the Court that it had given Petitioner permission to proceed with a second and/or successive motion under 28 U.S.C. § 2255.  1:07-cr-00017-LJM-DKL-1, ECF Dkt. No. 3.

Pursuant to *Johnson* and *Price*, the prior Residential Entry conviction, which depended upon the residual clause for classification as a violent felony, would not count for ACCA status.  Petitioner and the Government have so stipulated.  Dkt. No. 1, ¶ 4. Moreover, based on the underlying facts of the case and this analysis, the parties agree that the sentence imposed in the underlying criminal action is unconstitutional in that it exceeded the otherwise applicable statutory maximum penalty under 18 U.S.C. § 922(g)(1) of ten years of incarceration and three years of supervised release.  Petitioner has served 109 months toward his sentence and, considering the good time credit earned under 18 U.S.C. § 3624(b), Petitioner has served in excess of the statutory maximum sentence.  Therefore, the parties have stipulated that a sentence of time served period of incarceration and a three-year term of supervised release is sufficient, but not greater than necessary.  Dkt. No. 1, ¶ 7.

The Court agrees that Petitioner's previous sentence was unconstitutional and that a reduction is necessary pursuant to *Johnson* and *Price*.  The Court concludes that the

parties' stipulation is fair and just under the law and hereby **GRANTS** Petitioner's Motion pursuant to 28 U.S.C. § 2255. Petitioner shall be sentenced to time served of incarceration to be followed by a three-year term of supervised release. A Judgment and Commitment in the associated criminal matter shall be forthcoming. Judgment consistent with this Order shall issue in this matter.

**This Order shall also be entered on the docket in the underlying criminal action,** *United States v. Austin***, Cause No. 1:07-cr-00017-LJM-DKL-1.**

IT IS SO ORDERED this 22d day of December, 2015.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Sara J. Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org

James Robert Wood
OFFICE OF THE U.S. ATTORNEY
10 West Market Street, Suite 2100
Indianapolis, IN  46204
bob.wood@usdoj.gov

USPO

USMS